UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA LEAHY-FERNANDEZ,

    Plaintiff,

v.                          Case No. 8:15-cv-2380-T-33TGW

BAYVIEW LOAN SERVICING, LLC,

    Defendant.
_____/

**ORDER**

This cause comes before the Court upon consideration of Defendant Bayview Loan Servicing, LLC's Motion to Strike Jury Demand (Doc. # 23), filed on December 16, 2015. Plaintiff Cynthia Leahy-Fernandez filed a response in opposition on January 4, 2016. (Doc. # 25). With leave of Court, Bayview filed a reply. (Doc. ## 27, 28). For the reasons that follow, the Court denies the Motion.

**I.    Background**

Bayview is a loan servicing company, and was the servicer of a mortgage securing a promissory note (the Debt) on real property owned by Leahy-Fernandez. (Doc. # 1 at ¶¶ 33-34). The mortgage Leahy-Fernandez signed contained a clause that read: "**Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or

1

counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. # 23 at 1). When Bayview began servicing Leahy-Fernandez's Debt, she was already in default. (Doc. # 1 at ¶ 34).

On December 8, 2015, Leahy-Fernandez filed the instant Complaint in this Court. (Doc. # 1). The Complaint, which demands trial by jury, alleges Bayview violated the Florida Consumer Collections Practices Act, Section 559.55 et seq., Florida Statutes (FCCPA), Fair Debt Collection Practices Act, 15 U.S.C. § 1962 et seq. (FDCPA), and the Bankruptcy Code. (Id. at 1). Bayview filed a Motion to Dismiss on December 4, 2015, and the instant Motion to Strike on December 16, 2015. (Doc. ## 19, 23).

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) states: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may act under Rule 12(f) either sua sponte or upon the motion of a party "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). "Motions to strike are considered 'drastic' and are

disfavored by the courts." Gyenis v. Scottsdale Ins. Co., No. 8:12-cv-805-T-33AEP, 2013 WL 3013618, at *1 (M.D. Fla. June 14, 2013) (quoting Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)).

### III. Analysis

As a preliminary matter, the Court notes that Bayview filed its Motion to Dismiss on December 4, 2015. (Doc. # 19). Thereafter, on December 16, 2015, Bayview filed the instant Motion to Strike. (Doc. # 23). Bayview filed its Motion to Strike pursuant to Rule 39(a)(2), but Rule 39(a)(2) does not provide that a Court may strike a jury demand. Rather, Rule 39(a)(2) provides, in pertinent part, that "[t]he trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Because Rule 39(a)(2) does not provide for striking a jury demand, the Court construes Bayview's Motion to Strike as exactly that: a motion to strike, which is governed by Rule 12(f). See Murphy v. Cimarron Mortg. Co., No. 8:06-cv-2142-T-24TBM, 2007 WL 294229, at *1 (M.D. Fla. Jan. 29, 2007) (applying Rule 12(f) to a motion to strike).

Rule 12(f) requires a motion to strike to be filed before a response to the pleading is filed or, if no response is

allowed, within 21 days after service of the pleading. Here, a response was allowed to the pleading at issue, Leahy-Fernandez's Complaint. Bayview's Motion to Strike is therefore denied as untimely. See Fed. R. Civ. P. 12(f); Gyenis, 2013 WL 3013618, at *1 (denying motion to strike as untimely).

Furthermore, the Court also denies Bayview's motion on the grounds that the jury-trial waiver cannot be enforced and that the scope of the jury-trial waiver does not encompass the present consumer protection action. On these points, the Court finds Votzke v. Wells Fargo Bank, N.A., No. 8:14-cv-2200-27AEP, Doc. 11 (M.D. Fla. Sept. 4, 2014) (unpublished), persuasive.

In Votzke, the court addressed a nearly identical factual situation. There, the plaintiff signed a mortgage agreement, which contained a jury-trial waiver that stated: "**Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether or not in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or Note." Id. at 1 n.1. The plaintiff received a discharge in bankruptcy and, thereafter, brought

4

suit against the defendant-mortgagee for violations of the Telephone Consumer Protection Act and FCCPA. Id.

Upon the motion of the defendant-mortgagee, the court in Votzke held that, although the mortgage was not invalidated and was still enforceable against the subject property, the mortgagee was barred from enforcing the terms of the mortgage against the plaintiff. Id. at 2. Consequently, the mortgagee was precluded from enforcing the jury-trial waiver against the plaintiff. Id. In addition, the court found the jury-trial waiver contained in the mortgage did not arise from or relate to the plaintiff's causes of action. Id. at 3.

The waiver clause at issue in this case is identical to the one at issue in Votzke. (Doc. # 23 at 1). And this Court must "scrutinize[] with the utmost care" any curtailment of the Seventh Amendment right to a jury trial. Chauffeurs, Teamsters, & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). The Court must, as its solemn duty, "jealousy guard" the right to a jury trial and "indulge every reasonable presumption against waiver." Jones v. Bank of Am., N.A., No. 8:12-cv-419-T-33TGW, 2012 WL 3065381, at *1 (M.D. Fla. July 27, 2012) (citing Jacob v. City of New York, 315 U.S. 752, 752 (1942); Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393

5

(1937); <u>Burns v. Lawther</u>, 53 F.3d 1237, 1240 (11th Cir. 1995)) (internal quotation marks omitted).

A court looks to the language of a clause to determine whether a claim fits within that clause's scope. <u>Bahamas Sales Assoc., LLC v. Byers</u>, 701 F.3d 1335, 1340 (11th Cir. 2012). As explained by the court, "[a] claim 'relates to' a contract when 'the dispute occurs as a fairly direct result of the performance of contractual duties.' Moreover, the fact that a dispute could not have arisen but for an agreement does not mean that the dispute necessarily 'relates to' that agreement." <u>Id.</u> at 1340-41 (internal citations omitted).

Bayview argues that its communications, which Leahy-Fernandez complains of, were permitted under the mortgage and, therefore, such communications relate to the mortgage. (Doc. # 28 at 6). Bayview's argument is in essence that the dispute would not have occurred but for its communications, and its communications would not have occurred but for the mortgage. However, as the Eleventh Circuit has noted, "the fact that a dispute could not have arisen but for an agreement does not mean that the dispute necessarily 'relates to' that agreement." <u>Bahamas Sales Assoc.</u>, 701 F.3d 1335 at 1340-41. As such, the Court determines that the jury-trial waiver's

scope does not encompass the present consumer protection suit.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Bayview Loan Servicing, LLC's Motion to Strike Jury Demand (Doc. # 23) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of February, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7