UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA LEAHY-FERNANDEZ,

    Plaintiff,

v.                       Case No. 8:15-cv-2380-T-33TGW

BAYVIEW LOAN SERVICING, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Bayview Loan Servicing, LLC's Motion for Reconsideration of Order Denying Motion to Strike Jury Demand (Doc. # 36) filed on February 12, 2016. Although Plaintiff Cynthia Leahy-Fernandez has not filed a response, the Court determines one is not necessary.

**Discussion**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). "[R]econsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). So, "a motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth

1

facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks and alterations omitted).

Leahy-Fernandez filed her Complaint on October 8, 2015. (Doc. # 1). Thereafter, Bayview filed its Motion to Dismiss on December 4, 2015, and its Motion to Strike Jury Demand on December 16, 2015. (Doc. ## 19, 23). The Court entered an Order denying Bayview's Motion to Strike Jury Demand on February 3, 2016 (Doc. # 33). Bayview now moves this Court to reconsider its Order denying the Motion to Strike Jury Demand on the basis that the Court erred in finding Bayview's Motion to Strike Jury Demand untimely. The authorities cited by Bayview as to the issue of timeliness in its Motion for Reconsideration are well-taken.

However, the Court's Order denying the Motion to Strike Jury Demand also denied the Motion on two other, independent grounds. As to those grounds—namely, whether the jury-trial

waiver could be enforced in this action and whether the scope of jury-trial waiver included the present consumer protection action—both parties were afforded an opportunity to fully address the merits of Bayview's Motion to Strike Jury Demand. (Doc. ## 23, 25, 28). In light of those filings, the Court was presented with a split in authority. Compare, e.g., Belin v. Litton Loan Servicing, LP, No. 8:06-cv-760-T-24EAJ, 2006 WL 2061340, at *2 (M.D. Fla. July 17, 2006) (holding nearly identical waiver provision applied to FDCPA and FCCPA claims), with Votzke v. Wells Fargo Bank, N.A., No. 8:14-cv-2200-27AEP, Doc. 11 (M.D. Fla. Sept. 4, 2014) (unpublished) (holding identical waiver provision did not apply to FCCPA and TCPA).

The Court stands by its analysis as to the enforceability and scope of the jury-trial waiver. Accordingly, the Court denies Bayview's Motion for Reconsideration to the extent it seeks a second opportunity to argue the merits of whether the jury-trial waiver is enforceable and whether the present claims fall within the scope of the jury-trial waiver.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Bayview Loan Servicing, LLC's Motion for Reconsideration of Order Denying Motion to Strike Jury Demand (Doc. #

36) is **GRANTED IN PART AND DENIED IN PART** as detailed herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of February, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE