UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA LEAHY-FERNANDEZ,

    Plaintiff,

v.                         Case No. 8:15-cv-2380-T-33TGW

BAYVIEW LOAN SERVICING, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Plaintiff Cynthia Leahy-Fernandez's Motion to Strike Offer of Judgment or in the Alternative to Declare Offer of Judgment Ineffective (Doc. # 40), filed on February 23, 2016. Defendant Bayview Loan Servicing, LLC filed its response on March 10, 2016. (Doc. # 42). The Court denies the Motion for the reasons set forth herein.

**Discussion**

On October 8, 2015, Leahy-Fernandez filed her putative class action Complaint against Bayview. Doc. # 1). The Complaint brings three counts: violation of the Florida Consumer Collection Practices Act (FCCPA) (Count I); violation of the Fair Debt Collection Practices Act (FDCPA) (Count II); and a claim for injunctive and monetary sanctions

1

for violations of a bankruptcy discharge injunction. (Id.). Count III has been dismissed; Counts I and II remain pending. (Doc. # 32). Leahy-Fernandez has not moved to certify the putative class, although she has until June 10, 2016, to do so. (Doc. # 35).

On February 10, 2016, Bayview served Leahy-Fernandez's counsel with an offer of judgment. (Doc. # 40 at 2). Leahy-Fernandez did not accept the offer of judgment. (Doc. # 42 at 2). The offer of judgment has not been filed with the Court and, as of the date of this Order, Bayview has not sought any relief as to the offer of judgment. See (Id. at 2-3).

Rule 68 states, in part, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the offer is not accepted, it is considered withdrawn. Fed. R. Civ. P. 68(b). Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs. Id. Furthermore, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1168 n.9 (11th Cir. 2012) (quoting Marek v. Chesny, 473 U.S. 1, 5 (1985)). "[A]pplication of Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates." Marek, 473 U.S. at 11.

Rule 1 makes clear that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings," except as provided for in Rule 81. Fed. R. Civ. P. 1 (emphasis added). Rule 81 does not exempt Rule 23 from Rule 68. Fed. R. Civ. P. 81.

Furthermore, the Advisory Committee was well aware of Rule 23, but it chose not to exempt Rule 23, i.e., class actions, from Rule 68's purpose. To be sure, the Advisory Committee rejected a proposed amendment to Rule 68 that would have exempted Rule 23 from Rule 68. See Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure (Sept. 1984), reprinted in 102 F.R.D. 407, 433 (1985). "There is even some indication that the Supreme Court would disapprove any effort to treat class actions differently for Rule 68 purposes." 12 CHARLES

Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3001.1 (2d ed. 1997).

Leahy-Fernandez's Motion is also denied to the extent it requests this Court to strike an offer of judgment that is not a part of the record currently before the Court. Although an offer of judgment is not filed until it is accepted or a defendant seeks costs, Fed. R. Civ. P. 68(a)-(b), it nevertheless remains true that the Court simply has nothing to strike until the offer is filed on the record. See White v. Ally Fin. Inc., No. 2:12-cv-384, 2012 WL 2994302, at *3 (S.D. W. Va. July 20, 2012) (stating, "'[t]here is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a [defendant] to provide costs'" (quoting McDowall v. Cogan, 216 F.R.D. 46, 52 (E.D.N.Y. 2003))) (second alteration in original).

In addition, Leahy-Fernandez's Motion is denied to the extent it requests this Court to declare the offer ineffective. Bayview has not yet moved for relief under Rule 68. Thus, determining the effectiveness of Bayview's offer of judgment would be advisory. And, insofar as Leahy-Fernandez's argument for declaring the offer ineffective is based on her contention that Rule 23 is exempted from Rule 68, the Court

has already disposed of such an argument as unpersuasive based on the plain text of the Rules.

In sum, the Rules make no provision for exempting class actions from Rule 68 and its purpose of encouraging settlements. Furthermore, the Court cannot strike that which is not a part of the record. Finally, Bayview has not yet moved for relief under Rule 68. Therefore, the Court denies Leahy-Fernandez's Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Cynthia Leahy-Fernandez's Motion to Strike Offer of Judgment or in the Alternative to Declare Offer of Judgment Ineffective (Doc. # 40) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of March, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5